**In re Adoption of J.F.D.**

**Appeal of J.F.D.**

Superior Court of Pennsylvania.

Argued June 27, 2001.
Filed Aug. 15, 2001.

Before HUDOCK, STEVENS and POPOVICH, JJ.

POPOVICH, J.:

¶ 1 This appeal stems from the order entered on February 28, 2001, in the Court of Common Pleas, Chester County, which denied Appellant's petition for involuntary termination of parental rights. For the following reasons, we affirm.

¶ 2 On December 11, 2000, Arthur Jackson, Esquire, on behalf of J.F.D., filed petitions for the involuntary termination of parental rights of the natural parents of J.F.D.[1] Attorney Jackson had previously been appointed counsel for J.F.D. The trial court had also previously found J.F.D. dependent, and the Chester County Department of Children, Youth and Families was awarded temporary physical and legal custody. On February 28, 2001, the trial court dismissed the petition for involuntary termination of parental rights absent any proposed adoption. This timely appeal followed.

¶ 3 Appellant presents the following issues on appeal.

1. Did the trial court err as a matter of law in dismissing the petition to terminate parental rights:

a. By holding that any proposed adoption should require the consent and approval of Chester County Children, Youth and Family?

b. By holding that a pending petition for adoption was required?

2. Did the trial court err as a matter of law by violating:

a. The Adoption and Safe Families Act?

b. Equal Protection of J.F.D. under both Federal and State laws by denying access to the courts for the purposes of seeking permanency?

c. The Guardian Ad Litem Statute by giving county agencies veto power over the guardian ad litem?

Appellant's Brief, at 5.

¶ 4 First, we note that Orphans' Court Rule 7.1(e) granted review of termination matters without first filing of exceptions as per former Orphans' Court Rule 7.1. This new rule, effective January 1, 2001, states, "No exceptions shall be filed to any order in involuntary termination or adoption matters under the Adoption Act, 23 Pa. C.S. § 2501, *et seq.*" This rule eliminates post-trial practice in such cases in order to avoid delay of final determination of adoption and termination matters. *See* Pa. Orphans' Ct. Rule 7.1 Note. Therefore, this appeal is properly before this Court without post-trial exceptions.

■ ¶ 5 A petitioner's strict compliance with the requirements of the Adoption Act, 23 Pa.C.S.A. §§ 2101–2910, is a prerequisite to a court's jurisdiction to hear a petition to terminate parental rights. *See In re Adoption of W.C.K.,* 748 A.2d 223, 226 (Pa.Super.2000).

---

1. J.F.D. was born on July 12, 1983, and was seventeen years old at the time of the involuntary termination of parental rights hearing.

¶ 6 The trial court concluded that Appellant failed to meet the requirements pursuant to section 2512 of the Adoption Act and dismissed the petition for lack of consent of the agency and for lack of a pending petition for adoption. The statute states, in pertinent part:

§ 2512. Petition for involuntary termination

(a) WHO MAY FILE.—A petition to terminate parental rights with respect to a child under the age of 18 years may be filed by any of the following:

(1) Either parent when termination is sought with respect to the other parent.

(2) An agency.

(3) The individual having custody or standing in loco parentis to the child and who has filed a report of intention to adopt required by section 2531 (relating to report of intention to adopt).

(4) An attorney representing a child or a guardian ad litem representing a child who has been adjudicated dependent under 42 Pa.C.S. § 6341(c) (relating to adjudication).

(b) CONTENTS.—The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights. The petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted. If the petitioner is an agency it shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.

¶ 7 The trial court, pursuant to 42 Pa. C.S. § 6341(c), adjudicated J.F.D. dependent, and Attorney Jackson was appointed counsel to her. Therefore, Attorney Jackson had statutory authority to file the petition. We now turn our attention to Appellant's issues on appeal regarding the trial court's finding that the contents of the petition failed to meet the statutory requirements.

¶ 8 Appellant alleges that the trial court erred as a matter of law for requiring consent and approval of the Chester County Children, Youth and Families agency in the termination of parental rights. While we agree that consent of an agency is not required in termination cases, we find that the trial court's order did not so state. The trial court merely noted that agency consent would be required in any proposed adoption. *See* Trial Court Revised Memorandum and Amended Order, 2/28/2001. The trial court dismissed the petition for involuntary termination of parental rights because Appellant failed for lack of a pending petition for adoption. Accordingly, we find that Appellant's claim that the trial court erred because it required the agency's consent fails.

¶ 9 Next, Appellant claims that the trial court erred as a matter of law for requiring the petition to terminate parental rights to include notice of a pending adoption.

¶ 10 Section 2512(b) of the Adoption Act sets forth the contents required in the petition. It states that the petition shall contain:

1. the grounds and facts alleged as the basis for terminating parental rights; and

2. an averment that the petitioner will assume custody of the child until such time as the child is adopted.

23 Pa.C.S.A. § 2512(b).

¶ 11 We have reviewed Appellant's petition for involuntary termination of parental

rights. In the petition, Appellant included the facts alleged as the basis for the termination. However, Attorney Jackson, as petitioner, did not aver that he will assume custody of J.F.D. until such time as she is adopted. We note that currently, J.F.D. is in Chester County Child, Youth and Families' custody, but the agency did not petition for the termination of parental rights. Therefore, Attorney Jackson, as petitioner, was required to make such an averment but failed to do so.

¶ 12 The final statutory requirement of the petition to terminate parental rights is an averment that an adoption is presently contemplated or that a person with a present intention to adopt exists. Appellant argues that such petition is not required. However, the statute states that if the petitioner is an agency, such averment is not required. *See* 23 Pa.C.S.A. § 2512(b). Therefore, it follows that if the petitioner is not an agency, then an averment stating that an adoption is pending or a person intending to adopt exists is required. The trial court dismissed Appellant's petition for lack of such an averment. We have reviewed the petition to terminate and find that Appellant did not make such an averment. Accordingly, we find that the trial court did not err as a matter of law in dismissing Appellant's petition for this reason.[2]

¶ 13 Appellant's remaining issues on appeal involve allegations of Chester County Children, Youth and Families' various violations of statutes and Constitutional rights.

■ ¶ 14 Appellant argues that Chester County Children, Youth and Families violated the Adoption and Safe Families Act and denied J.F.D.'s equal protection rights by placing an arbitrary cutoff of permanency planning at the age of seventeen. Appellant asserts that this would create a class of children, namely those between the ages of seventeen and eighteen who are awaiting placement, who are denied access to the courts. We have reviewed the record and find that these claims are without merit. There is no evidence that Chester County Children, Youth and Families actively or passively deny older children access to the court to seek termination of parental rights pursuant to an adoption, which is the underlying basis of these claims. Appellant failed to present any testimonial evidence or empirical evidence regarding agency policy that denied placement to children who were close to the age of majority. Appellant's argument amounts to nothing more than a bald assertion that the agency determined that children between the ages of 17 and 18 are not candidates for adoption and lacks any basis in the record. Accordingly, these claims are without merit.[3]

¶ 15 Order affirmed.

■

---

2. At the hearing, the trial court afforded Attorney Jackson the opportunity to request a continuance in order to procure an averment that adoption is forthcoming. However, Appellant elected not to do so.

3. We also note that Appellant argues that the trial court's requirement of agency approval in cases where an attorney files for termination of parental rights would violate the Guardian *Ad Litem* Statute by giving the agency veto power. This argument fails because, as we previously found, the trial court did not require such approval. The trial court only noted that the agency would need to consent to an adoption. *See* Trial Court Revised Memorandum and Amended Order, 2/28/2001. The consent would be pursuant to 23 Pa.C.S.A. § 2711(a)(5).