J-A04006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TERM. OF PAR. RIGHTS TO P.G.D.W., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: S.A.B., MOTHER | : | |
| | : | |
| | : | No. 1127 MDA 2022 |

Appeal from the Decree Entered July 11, 2022
In the Court of Common Pleas of York County
Orphans' Court at No.:  2022-0055a

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:          **FILED: MARCH 27, 2023**

S.A.B. a/k/a S.B. ("Mother") appeals from the July 11, 2022 decree entered in the York County Court of Common Pleas ("orphans' court"), granting the petition of the York County Office of Children, Youth & Families ("CYF" or "the Agency") and terminating involuntarily her parental rights to her minor daughter, P.G.D.W. a/k/a P.W. ("Child"), born in May 2019, pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b).[1]  After careful review, we vacate the decree and remand.

---

[1] By the same decree, the court additionally terminated the parental rights of Child's father, S.V.W. ("Father").  Father did not file a separate appeal. Further, counsel for Father, representing that Father is now deceased, filed a petition on February 13, 2023, requesting that Father be removed as a party from the instant appeal and that counsel be excused from oral argument. Counsel's request is dismissed as moot.  ***See In the Interest of D.R.-W.***, 227 A.3d 905, 917 (Pa. Super. 2020) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.") (citation omitted).

The family has been involved with CYF since 2017, prior to Child's birth. N.T., 7/11/22, at 65, 89.  CYF obtained emergency protective custody of Child on January 29, 2021, following Mother's arrest and incarceration on driving under the influence and other charges, and placed Child with foster mother, a pre-adoptive resource, where she has since remained.  ***Id.*** at 90, 94, 114-15; Order of Adjudication and Disposition, 2/11/21, at 1-2.[2]  Mother was incarcerated until February 26, 2021.  N.T., 7/11/22, at 68, 70-71, 90, 117. She was then re-incarcerated from March 25, 2021, to July 14, 2021.[3]  ***Id.*** at 68, 70-71, 91, 119.

The court adjudicated Child dependent on February 11, 2021, and established a placement goal of return to parent or guardian.  Order of Adjudication and Disposition, 2/11/21, at 2-3.  Thereafter, CYF instituted objectives aimed at reunification, which were communicated to Mother.  CYF Exhibit 6; N.T., 7/11/22, at 66.  As testified by CYF caseworker, Elyse Nangle, Mother was required to address mental health, substance abuse, and housing, which remained consistent throughout the case.  N.T., 7/11/22, at 66-67; ***see also*** CYF Exhibits 6-8.

---

[2] We observe that counsel for CYF requested that the court incorporate the dependency record, which the court granted without objection.  N.T., 6/2/22, at 9.  As such, Child's dependency record was included as part of the certified record.

[3] Mother was released to a human trafficking shelter and then moved to a halfway house.  Following that, she resided in a hotel, where she remained until just prior to the July 11, 2022 hearing.  N.T., 7/11/22, at 67-71, 120, 123-25.

Throughout the ensuing dependency proceedings, the court found Mother to be in minimal or no compliance with the permanency plan and minimal or no progression toward alleviating the circumstances necessitating placement. As a result, on January 11, 2022, the court changed Child's permanency goal to adoption.

Thereafter, on March 8, 2022, CYF filed a petition for the termination of parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). Mother filed a motion to dismiss the termination petition on April 25, 2022, alleging that the petition failed to strictly comply with 23 Pa.C.S.A. § 2512(b). As such, she asserted that the court lacked jurisdiction to hear the petition. Motion to Dismiss Petition for Involuntary Termination of Parental Rights, 4/25/22, at ¶¶ 7-9. The court denied Mother's motion the following day, on April 26, 2022.

The court held hearings on June 2, 2022, and July 11, 2022.[4] Mother was present and represented by counsel. Child, who was three years old at the time, was represented by legal counsel as well as a guardian *ad litem* ("GAL").[5] On June 2, 2022, CYF presented the testimony of Abbie Fulton, family advocate, Catholic Charities; Robert Gordon, M.Ed., licensed

---

[4] Aside from a continued termination hearing as to Child, the July 11, 2022 hearing also served as a permanency review hearing with respect to Child and her half-sibling, I.B., who is not a subject of the instant appeal. N.T., 7/11/22, at 3.

[5] Both legal counsel and the GAL argued in favor of termination of Mother's parental rights. N.T., 7/11/22, at 148-50. The GAL and CYF additionally filed a joint appellee brief in support of the decree.

psychologist, who conducted an evaluation of Mother, dated November 30, 2021, and was accepted as an expert in parenting capacity examinations without objection; and Christianne Brennan, family therapist, Catholic Charities. On July 11, 2022, CYF presented the testimony of Elyse Nangle, CYF caseworker; Jill Egbert, D & A Program Supervisor, Family United Network; Carla Arp, therapist, Pressley Ridge; and Katlyn Gumpper, parent advocate, PA Child TIFFSS (Trauma Intensive Family Focused Support Services) Program. Mother presented the testimony of J.G., Child's foster mother. She additionally testified on her own behalf.

By decree dated and entered July 11, 2022, the court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b). Thereafter, on August 9, 2022, Mother, through counsel, filed a timely notice of appeal, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Mother raises the following issues for our review:

[1.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in finding the Petition for Involuntary Termination of Parental Rights, filed by [the Agency] satisfied strict compliance with the legal requirements of the Adoption Act where the Petition did not set forth specific facts and therefore, lacked jurisdiction to hear said petition?

[2.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in taking judicial notice of records of another case (over objection) and incorporating the record from the related dependency proceedings (over objection) wherein evidence and documents contained within said record were admitted under a separate and distinct body of law (the Juvenile Act), contained documents admitted into evidence under a lower standard of

proof, were not properly authenticated, and consisted of hearsay within hearsay with no exceptions presented?

[3.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in admitting (over objection) hearsay evidence in the form of a threat of harm evaluation without applicable exception, without proper authentication, and without providing Mother, the subject of said evaluation, the opportunity to cross examine the individual who authored the report, thereby violating the Rules of Evidence and denying Mother her right to due process?

[4.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that the Agency met its burden of proving, by clear and convincing evidence, that Mother's conduct evidenced a settled purpose of relinquishing her parental claim to her child or has refused to perform parental duties pursuant to 23 Pa.C.S.A. § 2511(a)(1)?

[5.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that the Agency met its burden of proving, by clear and convincing evidence, that Mother's repeated and continued incapacity, abuse, neglect, or refusal caused the child to be without essential care, control, or subsistence necessary for their physical or mental well-being, and the conditions and causes cannot or will not be remedied by Mother pursuant to 23 Pa.C.S.A. § 2511(a)(2)?

[6.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that the Agency met its burden of proving, by clear and convincing evidence, that the conditions which led to the removal and placement of the child continued to exist and Mother failed to remedy those conditions within a reasonable time pursuant to 23 Pa.C.S.A. § 2511(a)(5)?

[7.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that the Agency met its burden of proving, by clear and convincing evidence, that the conditions which led to the removal or placement of the child continue to exist, and termination of parental rights would best serve the needs and welfare of the child pursuant to 23 Pa.C.S.A. § 2511(a)(8)?

[8.] Did the [orphans'] court abuse its discretion and/or err as a matter of law in concluding that the Agency met its burden of proving, by clear and convincing evidence, that termination of

Mother's parental rights would best serve the needs and welfare of the child pursuant to 23 Pa.C.S.A § 2511(b)?

Mother's Brief at 5-8 (suggested answers omitted).

With her first issue, Mother argues that the orphans' court erred in denying Mother's motion to dismiss the Agency's termination petition for failure to strictly comply with the Adoption Act ("Act"), 23 Pa.C.S.A. §§ 2101-2910. Mother asserts that the subject petition did not strictly comply with the Act in that it failed to set forth the factual basis for termination as required by Section 2512(b)(1).[6] As such, she contends the court lacked jurisdiction to hear the petition. Mother's Brief at 34-37.

---

[6] The petition provided in part:

13. Set forth the ground(s) for involuntary termination of parental rights, including the specific subsection(s) of 23 Pa.C.S.[A. §] 2511, which establish(es) the legal basis for the requested termination(s): 23 Pa.C.S.[A. §] 2511(a)(1), (2), (5), (8) and [(b)].

Regarding the mother and father:

The parent by conduct continuing for a period of at least six (6) months immediately preceding the filing of the Petition either has evidenced a settled purpose of relinquishing a parental claim to a child or has refused to perform parental duties.

The repeated and continued incapacity, abuse, neglect, or refusal of the parent has caused the child to be without essential parental care, control, or subsistence necessary for the child's physical or mental well-being and the conditions or causes of the incapacity, abuse, neglect, or refusal cannot or will not be remedied by the parent.

The child has been removed from the care of the parent by the Court or under a voluntary agreement with the Agency for a period of at least six (6) months, the conditions which led to the removal

*(Footnote Continued Next Page)*

The orphans' court found the Agency's restatement of the statutory language to be sufficient factual averments. While noting that "more specific detail would be helpful," the orphans' court found this met strict compliance. Orphans' Court Opinion, 9/6/22, at 16-17.

Mother's issue involves the interpretation and application of a statute, a question of law. *G.A.P. v. J.M.W.*, 194 A.3d 614, 616 (Pa. Super. 2018) (citation omitted). Our standard of review is *de novo*, and our scope of review is plenary to determine whether the court committed an error of law. *Id.*; *see also In re Adoption of K.M.D.*, 261 A.3d 1055, 1059 (Pa. Super. 2021) (interpreting notice requirements of the Act and the Rules of Orphans' Court Procedure). This Court has stated:

> When interpreting a statute, this [C]ourt is constrained by the rules of the Statutory Construction Act of 1972 (the "Act"). 1 Pa.C.S.[A.] §§ 1501-1991. The Act makes clear that the goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly while construing the statute in a manner

---

or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of parental rights would best serve the needs and welfare of the child.

The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

Petition for Involuntary Termination of Parental Rights, 3/8/22, at ¶ 13.

that gives effect to all its provisions. ***See*** 1 Pa.C.S.[A.] § 1921(a). The Act provides: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.[A.] § 1921(b). Moreover, it is well settled that "the best indication of the General Assembly's intent may be found in a statute's plain language." ***Cagey v. Commonwealth***, 179 A.3d 458, 462 (Pa. 2018). . . .

***G.A.P.***, 194 A.3d at 616-617; ***see also*** 1 Pa.C.S.A. § 1924 ("The title and preamble of a statute may be considered in the construction thereof.").

It is well-settled that "[a] petitioner's strict compliance with the requirements of the Adoption Act, 23 Pa.C.S.A. §§ 2101–2910, is a prerequisite to a court's jurisdiction to hear a petition to terminate parental rights." ***In re Adoption of J.F.D.***, 782 A.2d 564, 565 (Pa. Super. 2001) (citation omitted); ***see also In re E.M.I.***, 57 A.3d 1278, 1284-85 (Pa. Super. 2012). In ***K.M.D.***, we explained the rationale for strict compliance of the Act, as follows.

[W]e are unwilling to allow the termination of parental rights "without ***strict compliance*** with the procedures set forth by the Legislature. . . ." [***In re A.N.P.***, 155 A.3d 55, 66, 68 (Pa. Super. 2017)] ([*citing*] ***In re Adoption of K.G.M.***, 845 A.2d 861, 865 (Pa. Super. 2004)) (further citation omitted) (emphasis added).

Strict compliance is warranted in termination matters because of the gravity of such cases. Given the "complete and irrevocable" nature of the decision, our Supreme Court has explained that "termination of parental rights is one of the most serious and severe steps a court can take[.]" ***In re Adoption of M.R.D.***, [145 A.3d 1117, 1129 (Pa. 2016)] (citation omitted). . . .

***K.M.D.***, 261 A.3d at 1059-60.

As to the contents of a petition for involuntary termination, Section 2512(b) provides:

**§ 2512. Petition for involuntary termination.**

. . .

**(b) Contents.--**The following apply:

(1) **The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights.**

(2) Except as provided in paragraph (3), the petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted.

(3) If the petitioner is a parent and section 2514 (relating to special provisions when child conceived as a result of rape or incest) applies, or if the petitioner is an agency, the petitioner shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.

. . .

23 Pa.C.S.A. § 2512(b) (emphasis added).[7]

Significantly, in ***J.F.D.***, emphasizing strict compliance with the Adoption Act, we concluded that the Act compels a termination petition to contain certain allegations as a prerequisite to a court's jurisdiction to hear the petition. ***In re Adoption of J.F.D.***, 782 A.2d at 565-67. This Court affirmed an order dismissing the termination petition filed on child's behalf by counsel for failure to comply with the prior version of Section 2512(b).[8] Specifically,

---

[7] The current version of Section 2512 became effective December 28, 2020.

[8] The version of Section 2512(b) in effect at the time provided:

*(Footnote Continued Next Page)*

the petition failed to include averments that the petitioner will assume custody of the child until such time as the child is adopted and that an adoption is contemplated. *Id.* In so concluding, this Court found that "[i]n the petition, Appellant included the facts alleged as the basis for the termination. However, Attorney Jackson, as petitioner, did not aver that he will assume custody of J.F.D. until such time as she is adopted." *Id.* at 567.

By contrast, in *E.M.I.*, recognizing that the requirements of Section 2512(b) had been met,[9] we stated,

> In the present case, Mother filed a petition to terminate Father's parental rights to Child, alleging the grounds and facts which form the basis for terminating Father's parental rights, S.S. would like to adopt Child, and Mother agrees to assume and continue to assume custody of Child until such time as Child is adopted. Therefore, Mother's petition fulfilled the minimal requirements to invoke the court's jurisdiction over the petition.

*In re E.M.I.*, 57 A.3d at 1287 (citations omitted).

---

§ 2512. Petition for involuntary termination

. . .

**(b) Contents.**--The petition shall set forth specifically those grounds and facts alleged as the basis for terminating parental rights. The petition filed under this section shall also contain an averment that the petitioner will assume custody of the child until such time as the child is adopted. If the petitioner is an agency it shall not be required to aver that an adoption is presently contemplated nor that a person with a present intention to adopt exists.
. . .

23 Pa.C.S. § 2512(b).

[9] Again, we were dealing with the prior version of Section 2512.

Instantly, we are constrained to conclude that the orphans' court erred as a matter of law in failing to dismiss the Agency's termination petition. As the subject petition failed to strictly comply with Section 2512(b)(1) of the Act to allege even minimal facts to support the petition, the court lacked jurisdiction to hear the petition.

Section 2512(b)(1) provides that the petition **shall** set forth specifically those grounds **and facts alleged** as the basis for terminating parental rights. 23 Pa.C.S.A. § 2512(b)(1) (emphasis added).[10] As such, the plain language of the statute necessitates the pleading of facts. Here, while the Agency stated the alleged grounds for termination within its petition, it neglected to further set forth any facts supporting the requested termination and merely

---

[10] The Orphans' Court Rules in effect at the time of the filing of the subject petition provided similarly. Former Pennsylvania Orphans' Court Rule 15.4, provided, in relevant part:

**15.4. Involuntary Termination of Parental Rights**

**(a) Petition.** A petition for involuntary termination of parental rights under Sections 311 and 312 of the Adoption Act shall include the following allegations:

. . .

(6) **facts constituting grounds** for the involuntary termination under Section 311 of the Adoption Act, and a reference to the applicable subsection or subsections;

. . .

Former Pa.O.C.R. 15.4(a)(6) (emphasis added). We note that the Orphans' Court Rules on this topic were amended in 2022 and effective July 1, 2022. **See** Pa.O.C.R. 15.10(a)(9), (10).

parroted the statutory language as to the grounds for termination. ***See*** Petition for Involuntary Termination of Parental Rights, 3/8/22, at ¶ 13. As a result, the subject petition failed to "fulfill[] the minimal requirements to invoke the court's jurisdiction over the petition." ***In re E.M.I.***, 57 A.3d at 1287.

For the foregoing reasons, we vacate the decree and remand to the orphans' court for entry of an order dismissing the Agency's petition for involuntary termination of parental rights filed on March 8, 2022.[11]

Decree vacated. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/27/2023

---

[11] As Mother's first issue is dispositive, we do not address the remainder of Mother's issues.